IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN BRYDGES and GERARD SCANLAN, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : DOCKET NO. 21-00492 |
| RIDLEY TOWNSHIP POLICE DEPARTMENT, RIDLEY TOWNSHIP and SCOTT WILLOUGHBY, *Individually,* EDWARD PISANI, *Individually,* ROBERT J. WILLERT, *Individually,* and JOSEPH A. RYAN, *Individually,* | : : : : : : : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Defendant, Joseph A. Ryan's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and any response thereto, it is hereby ordered that said Motion is **GRANTED**.

It is further **ORDERED** that Counts I, III, VIII, and IX of Plaintiffs' Amended Complaint against Defendant, Joseph A. Ryan are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
Honorable John Milton Younge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN BRYDGES and GERARD SCANLAN, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : CIVIL ACTION <br> : DOCKET NO. 21-00492 |
| RIDLEY TOWNSHIP POLICE DEPARTMENT, RIDLEY TOWNSHIP and SCOTT WILLOUGHBY, *Individually,* EDWARD PISANI, *Individually,* ROBERT J. WILLERT, *Individually,* and JOSEPH A. RYAN, *Individually,* | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**DEFENDANT, JOSEPH A. RYAN'S**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
**PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant, Joseph A. Ryan, Township Manager of Ridley Township, by and through his undersigned counsel, MacMain, Connell & Leinhauser, LLC, herby respectfully requests this Honorable Court to dismiss Plaintiffs' Amended Complaint, (ECF. No. 17), specifically Counts I, III, VIII, and IX pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. The supporting Memorandum of Law is incorporated by reference as if fully set forth herein and attached hereto.

2

WHEREFORE, Joseph A. Ryan respectfully requests this Honorable Court to grant his Motion to Dismiss Plaintiffs' Amended Complaint and dismiss with prejudice Count I, III, VIII, and IX pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

**MacMain, Connell & Leinhauser, LLC**

Dated: <u>April 26, 2021</u>  By:  <u>*/s/ David J. MacMain*</u>
David J. MacMain
Laurie A. Fiore
PA Attorney I.D. Nos. 59320 / 81373
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant, Joseph A. Ryan*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN BRYDGES and GERARD SCANLAN, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : CIVIL ACTION <br> : DOCKET NO. 21-00492 |
| RIDLEY TOWNSHIP POLICE DEPARTMENT, RIDLEY TOWNSHIP and SCOTT WILLOUGHBY, *Individually,* EDWARD PISANI, *Individually,* ROBERT J. WILLERT, *Individually,* and JOSEPH A. RYAN, *Individually,* | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JOSEPH A. RYAN'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant, Joseph A. Ryan – Township Manager for Ridley Township ("Manager Ryan"), by and through his undersigned counsel, MacMain, Connell & Leinhauser, LLC, hereby files this memorandum of law in support of his Motion to Dismiss Plaintiffs' Amended Complaint (ECF Doc. 17) pursuant to Fed.R.Civ.P. 12(b)(6).

**I.    INTRODUCTION AND STATEMENT OF FACTS**

On March 8, 2021, Plaintiffs, Sean Brydges ("Brydges") and Gerard Scanlan ("Scanlan") (hereinafter, collectively, "Plaintiffs"), filed a 347 paragraph First Amended Complaint (ECF Doc. 17), purporting to assert nine (9) causes of action arising out of their employment with Defendant, Ridley Township ("the Township"). Manager Ryan is the Township Manager for Ridley Township, Pennsylvania and Plaintiffs have sued him in his individual capacity. (See, Doc. No. 17). Notably, Manager Ryan, who has been employed as the Manager since February

2020, well after the date of many of Plaintiffs' alleged claims, Manager Ryan is not mentioned until paragraph 195.

Plaintiffs allegations, though predominantly consisting of conclusory allegations without factual predicate, are generally that they are currently Ridley Police Officers, but former members of the Ridley Township Police Department Anti-Crime Unit which has been disbanded and that they have experienced purported abusive and retaliatory actions over the course of their employment which began in or around 2014. Plaintiffs contend that the alleged wrongdoing was committed by one or another combination of Co-Defendants the Township, Ridley Township Police Captain, Scott Willoughby ("Captain Willoughby"), former Ridley Township Manager and Public Safety Director, Edward Pisani ("former Manager Pisani"), and Ridley Township Council President, Robert J. Willert ("Council President Willert"). Plaintiffs contend that this alleged wrongdoing culminated in the dissolution of the Anti-Crime Unit and that they were both thereafter "demoted". In connection with their assertion that they were "demoted", Plaintiffs do not allege that they experienced a reduction in rank, pay, or other benefits.

Plaintiffs allege that over the course of approximately seven (7) years, they were retaliated against by one or another combination of the Defendants after they reported various alleged wrongdoing of Captain Willoughby. As to Manager Ryan, Plaintiffs generally contend that Manager Ryan had knowledge that Plaintiffs were allegedly excluded from an opportunity to earn overtime in connection with a Black Lives Matter march in August 2020. (Doc. No. 17, ¶ 195).

Plaintiffs also contend without any factual predicate, and only "upon information and belief", that Manager Ryan met with Council President Willert and "decided" to retaliate against them by disbanding the Anti-Crime Unit and returning Plaintiffs to a patrol platoon. (Doc. No.

2

17, ¶ 203). Plaintiffs generally aver as to Manager Ryan that this meeting was to retaliate against Plaintiffs and that the supposed scheme of retaliation included deciding to disband the Anti-Crime Unit and asking Lieutenant John Hamill ("Lieutenant Hamill") (also assigned to the Anti-Crime Unit) to ask Plaintiffs for some documents or reports that Manager Ryan did not actually want. Plaintiffs further allege that Council President Willert "promoted" Lieutenant Hamill to Lieutenant of the Ridley Township Police Department Detective Division and that thereafter Lieutenant Hamill demoted Plaintiffs. (Doc. No. 17, ¶ 215).

Nearly every allegation as to Manager Ryan is stated in a broad, conclusory manner lacking a supporting factual predicate. In this connection, in the entirety of the 347 paragraph Amended Complaint, excluding the introductory paragraphs and alleged Counts, Manager Ryan is mentioned only thirteen (13) times.

In their Amended Complaint, Plaintiffs broadly and in a conclusory fashion allege four (4) causes of action against Manager Ryan: (1) alleged violation of the First Amendment, 42 U.S.C. § 1983 (Count I); (2) alleged violation of the Fourteenth Amendment, 42 U.S.C. § 1983 (Count III); (3) a state law claim of alleged Intentional Infliction of Emotional Distress ("IIED") (Count VIII); and (4) a state law claim of alleged Civil Conspiracy (Count IX).

## II. STATEMENT OF THE QUESTIONS PRESENTED

A. Should Plaintiffs' claim for alleged violation of the First Amendment asserted against Manager Ryan be dismissed with prejudice for failure to state a claim upon which relief may be granted?

Suggested Answer: *Yes.*

B. Should Plaintiffs' claim for alleged violation of the Fourteenth Amendment – Stigma Plus asserted against Manager Ryan be dismissed with prejudice for failure to state a claim upon which relief may be granted?

Suggested Answer: *Yes.*

      C.      Should Plaintiffs' State Law claims of intentional infliction of emotional distress and civil conspiracy asserted against Manager Ryan be dismissed with prejudice for failure to state a claim upon which relief may be granted?

      <u>Suggested Answer</u>: *Yes.*

## III.    STANDARD OF REVIEW

"In considering a motion to dismiss pursuant to Rule 12(b)(6), courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F.Supp. 2d 573, 577-78 (M.D. Pa. 2011) (internal citations and quotations omitted).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a plaintiff must plead facts sufficient "to raise a right to relief above the speculative level on the assumption that all facts alleged in the complaint are true." <u>See</u>, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint must contain factually plausible averments that the alleged wrongdoing occurred and that there is "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Where the complaint contains only generalized averments of wrongdoing "without some further factual enhancement" it "stops short of the line between possibility and plausibility" of entitlement to relief. *Twombly*, 550 U.S. at 554. A complaint that fails to present factually plausible claims or which presents claims that are foreclosed as a matter of law should be dismissed." *Iqbal,* 556 U.S. at 678.

### IV.  ARGUMENT

As an initial matter, Plaintiffs have alleged their claims against Manager Ryan in his individual capacity. It is well-settled that "[t]o establish a claim against a person in their individual capacity, [Plaintiffs] must establish each individual defendant acting under color of law, violated his constitutional or statutory rights, and caused the alleged injury." *Dondero v. Lower Milford Twp.*, 431 F. Supp. 3d 590, 598 (E.D. Pa. 2019) (internal emphasis omitted) (granting summary judgment where no constitutional or statutory violation occurred), citing, *Fennell v. Penchishen*, No. 19-111, 2019 U.S. Dist. LEXIS 73607, *6 (E.D. Pa. April 30, 2019) (granting Motion to Dismiss § 1983 claim where the plaintiffs failed to allege facts sufficient to show the defendants' personal involvement in the alleged deprivation of Plaintiffs' constitutional rights). It is certain that personal involvement under a § 1983 claim cannot be established by speculation, which, in the instant matter, Plaintiffs largely engage in as to the alleged personal involvement of Manager Ryan.

####   A.   Plaintiffs' Claim for Alleged Violation of the First Amendment (Count I) Fails as a Matter of Law

In Count I of the Amended Complaint, Plaintiffs purport to set forth a cause of action against Manager Ryan, Captain Willoughby, former Manager Pisani, and Council President Willert for alleged violation of the First Amendment. 42 U.S.C. § 1983.

Plaintiffs claim that Manager Ryan violated their First Amendment rights by allegedly "demoting" Plaintiffs for protected speech by disbanding the Anti-Crime Unit – of which Plaintiffs were not the only members. In this connection, Plaintiffs do not allege that pursuant to this alleged "demotion" they experienced a reduction in salary, benefits, or rank. The protected speech claimed by Plaintiffs is their alleged numerous complaints about Captain Willoughby over the course of approximately seven (7) years. Plaintiffs do not contend that they ever

complained of Captain Willoughby to Manager Ryan. Nonetheless, Plaintiffs contend that Manager Ryan "decided" to retaliate against them by demanding copies of reports and by disbanding the Anti-Crime Unit, which they claim resulting in a demotion. Further, Plaintiffs claim that Manager Ryan failed to investigate Captain Willoughby and failed to prevent Captain Willoughby's alleged acts of retaliation against them.

To establish a First Amendment retaliation claim, public employees, such as Plaintiffs, must demonstrate that: (1) they participated in an activity protected by the First Amendment; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Barnes v. Brown*, No. 16-214, 2016 U.S. Dist., LEXIS 131098, *17 (E.D. Pa. Sep. 26, 2016), citing, *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006).

There are three (3) Supreme Court cases that guide the determination of whether a public employee has spoken as a private citizen. *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968) (establishing a balancing test, starting with whether the public employee spoke as a citizen on a matter of public concern); *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) (holding that if the public employee makes statements pursuant to his official duties his speech is not made as a citizen and is, therefore, not protected by the First Amendment); and *Lane v. Franks*, 573 U.S. 228, 240 (2014) (instructing that the "critical question" in analyzing a public employee's First Amendment claims is "whether the speech at issue is itself ordinarily within the scope of the employee's duties, not merely whether it concerns those duties").

The Third Circuit has also expressed factors to be considered when analyzing whether speech was made within a public employee's official capacity:

> (1) whether the employee's speech relates to the special knowledge or experience acquired through [the employee's] job…; (2) whether the

6

> employee raises complaints or concerns about issues related to the [employee's] job duties up the chain of command at his workplace…; (3) whether the speech fell within the employee's designated responsibilities…; and (4) whether the employee's speech is in furtherance of [the employee's] designated duties, even if the speech at issue is not part of them.

*Barnes*, at *19, citing, *Kimmett v. Corbett*, 554 F.App'x 106, 111 (3d Cir. 2014).

In the instant matter, applying the guidance of the Supreme Court and the Third Circuit factors, Plaintiffs simply cannot get past step one – they did not speak as citizens on a matter of public concern because their speech is undeniably made within their official duties. While Plaintiffs generally and broadly allege when they complained of Captain Willoughby's behavior that they spoke as citizens on a matter of public concern (Doc. No. 17, ¶¶ 238-239), the content and context of their allegations belie such a conclusion.

Specifically, Plaintiffs allege they "reported every incident" of Captain Willoughby's alleged retaliation to former Manager Pisani and Council President Willert. (Doc. No. 17, ¶¶ 31, 34, 47-50, 64, 67, 95, 162, 173). These reported complaints and reports of alleged wrongdoing, made to former Manager Pisani and Council President Willert involved: (1) drug arrests made by the Anti-Crime Unit; the Unit Plaintiffs were assigned to; (2) cash seizures and other evidence obtained in connection with Plaintiffs as narcotics officers; (3) a raid Plaintiffs performed in the course of their role assisting the Delaware County Drug Task Force; (4) denial of overtime and compensatory time in connection with testifying in court and denial of overtime opportunity in connection with the Black Lives Matters march. Plaintiffs also allege that they reported alleged wrongdoing by Captain Willoughby to Lieutenant Hamill, their Lieutenant on the Anti-Crime Unit. (Doc. No. 17, ¶¶ 124, 143, 157).

The speech Plaintiffs allege in their Amended Complaint falls squarely within the Third Circuit guidelines. *Barnes,* at *18-19. In *Barnes*, the Court granted summary judgment in favor

7

of defendant public employer where the plaintiff-employee claimed that an email she sent to her superior contained protected speech for which she was retaliated. The *Barnes* Court rejected the plaintiff's First Amendment claim, stating that "[c]omplaints up the chain of command are within an employee's official duties if the complaints are about issues related to an employee's workplace duties." *Id.*, at *20, citing, *Taylor v. Pawlowski*, 551 F.App'x 31, 32 (3d Cir. 2013). The *Barnes* Court analyzed the email and concluded its contents demonstrated that it was made pursuant to her job duties such that the email contained concerns which were "precisely within the scope of what [plaintiff's] department handles" such that the plaintiff would have been expected to raise such concerns in the course of her employment. *Id.*, * 24-25.

The same conclusion is compelled in the instant matter. Every complaint allegedly made by Plaintiffs involved their employment. Further, each complaint identified by Plaintiffs as protected by the First Amendment was made to a superior or within the chain of command, including Lieutenant Hamill; Council President Willert, and former Manager Pisani. See, *Barnes*, at *25, citing, *Foraker v. Chaffinch*, 501 F.3d 231, 341 (3d Cir. 2007) (holding "the controlling fact in the case at bar is that [the plaintiffs'] were expected, pursuant to their job duties, to report problems concerning the operations at the range up the chain of command.").

Because Plaintiffs wholly fail to allege any speech they made as citizens, Plaintiffs' claim for alleged violation of the First Amendment fails as a matter of law and should be dismissed.

    **B.**    **Plaintiffs' Claim for Alleged Violation of the Fourteenth Amendment (Count III) Fails as a Matter of Law**

Count III of Plaintiffs' Amended Complaint purports to assert a cause of action against Manager Ryan, Captain Willoughby, former Manager Pisani, and Council President Willert for violation of the Fourteenth Amendment on a "stigma-plus" claim under 42 U.S.C. § 1983. A claim asserted under the Fourteenth Amendment stigma-plus doctrine is a claim of a

constitutional procedural violation. To this end, Plaintiffs claim that Manager Ryan deprived them of their liberty interest in their reputations.

To state a claim pursuant to § 1983 for violation of procedural due process pursuant to the Fourteenth Amendment, Plaintiffs must allege: (1) they were deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property", and (2) the procedures available to Plaintiffs did not provide them "due process of law." *Hill*, 455 F.3d at 233-234. In the instant matter, Plaintiffs alleged that the property interest of which they were denied is reputational. "Although there is no protectible constitutional liberty interest in one's reputation *alone*, a plaintiff can allege a due process violation by showing a 'stigma', i.e., reputational harm, in addition to, or 'plus' a 'deprivation of some additional right or interest." *Fouse v. Beaver Cnty.*, No. 2:14-cv-00810 *9, 2015 U.S. Dist. LEXIS 57475 (W.D. Pa. May 1, 2015), citing, *Hill*, 455 F.3d at 236.

### 1. *Plaintiffs' Fatally Fail to Plead a "Stigma-Plus" Constitutional Violation*

It is well-settled that to properly plead the "stigma" element of their claim, Plaintiffs must allege: (1) publication of (2) a substantially and materially false statement that (3) infringed upon the 'reputation, honor, or integrity" of the employee." *Fouse*, at * 9-10, citing, *Brown v. Montgomery County*, 470 F.App'x 87, 91 (2012), quoting, *Ersek v. Township of Springfield*, 102 F.3d 79, 83-84 (3d Cir. 1996).

In their Amended Complaint, Plaintiffs allege that Captain Willoughby made numerous false statements about them and former Manager Pisani and Captain Willoughby made false statements about them in connection with an investigation regarding a break-in of Captain Willoughby's office to a CID investigator. Further, Plaintiffs do not allege that any false statements, made by Captain Willoughby or former Manager Pisani, were made publicly.

9

Significantly, Plaintiffs make no allegation of any false statement which they attribute to Manager Ryan. There are no allegations that Manager Ryan did anything that would fall under Plaintiffs' cause of action for violation of the Fourteenth Amendment. Specifically, the Amended Complaint is silent as to any false statement made by Manager Ryan – whether made publicly or otherwise. Moreover, the break-in of Captain Willoughby's office and the subsequent CID investigation took place in September 2019, a time when former Manager Pisani was the Township Manager, and not Manager Ryan. (Doc. No. 17, ¶ 181).

The only allegations of the Amended Complaint as to Count III are: (1) "Defendants", presumably meant to include Manager Ryan, failed to provide Plaintiffs with a name-clearing hearing; and (2) Manager Ryan deprived Plaintiffs of their liberty interest in their reputations. (Doc. No. 17, ¶¶ 265-266). Accordingly, there are simply no allegations of the Amended Complaint as to Manager Ryan which would constitute a publication or any substantially and materially false statement that could have conceivably infringed on Plaintiffs' reputation, honor, or integrity. See, *Fouse*, at * 11 (granting Motion to Dismiss on one claim of "stigma-plus" where each statement complained of either contained no mention of the plaintiff, was immaterial, or could not possibly have caused reparational harm).

    **2.**     *Plaintiffs Fatally Fail to Allege a Name-Clearing Hearing was Required*

Even assuming *arguendo*, that Plaintiffs have properly met the "stigma-plus" test as to Manager Ryan, which Manager Ryan denies, Plaintiffs' claim nevertheless fails because Plaintiffs fail to establish that a name-clearing hearing was required. The Eastern District of Pennsylvania has held that "when a government entity *terminates or refuses to reinstate* an employee for reasons that impugn that person's reputation, honor, or integrity, the *terminated* employee may be entitled to an opportunity to refute the allegations against them at what is

10

commonly referred to as a 'name-clearing hearing'".) *Graham v. Johnson*, 249 F.Supp.2d 563, 565 (E.D. Pa. 2003) (Judge Schiller) (emphasis supplied), citing, *Ersek*, 102 F.3d at 83-84; see, *Freeman v. McKellar*, 795 F.Supp. 733, 739 (E.D. Pa. 1992) (holding that "[w]hen a public employer has impugned an employee by defamatory remarks *in the course of a termination*, due process requires that the employer provide a 'name-clearing' hearing), citing, *Codd v. Velger*, 429 U.S. 624, 627 (1977); *Paul v. Davis*, 424 U.S. 693, 709 (1976), *Roth*, 408 U.S. 564, 573 (1972).

In *Freeman,* the Court held that "an employee must be discharged to maintain a § 1983 action for liberty deprivation" and that "even a discharged employee must allege that he timely requested a hearing to clear his name and that request was denied." *Id.* at 738-739 citing, *Howze v. City of Austin*, 917 F.2d 208 (5th Cir. 1990). In the instant matter, Plaintiffs do not allege that they were terminated, only that they were purportedly demoted. Plaintiffs also fail to allege whether they received a reduction in rank or whether or not they maintained their current salary and benefits when the Anti-Crime Unit was suspended. Next, and equally significantly, Plaintiffs fail to allege that they requested a name-clearing hearing.

Thus, as in *Freeman*, Plaintiffs' Count III for alleged violation of the Fourteenth Amendment "stigma-plus" fails as a matter of law and should be dismissed.

### C. Plaintiffs' Claim for Alleged Intentional Infliction of Emotional (Count VIII) Fails as a Matter of Law

In their Amended Complaint, Plaintiffs claim that Manager Ryan demoted them with the intent to inflict emotional distress. (Doc. No. 17, ¶ 324). While Plaintiffs contend that they were demoted, they do not allege whether they retained their rank or whether they retained their rate of pay when the Anti-Crime Unit was suspended. Moreover, Plaintiffs plead in Count VIII that

their alleged injuries were the "result of" Captain Willoughby's actions, not Manager Ryan's actions. (Doc. No. 17, ¶ 332).

In order to state a claim for IIED, Plaintiffs must plead that Manager Ryan's conduct was: (1) intentional or reckless; (2) extreme and outrageous; (3) caused emotional distress; and (4) the distress was severe. *Kist v. Fatula*, No. 3:2006-67, 2007 U.S. Dist. LEXIS 60615, *63 (W.D. Pa. Aug. 17, 2007) (citations omitted). Further, Plaintiffs must plead they suffered some sort of physical injury in addition to the distress, which must be supported by competent medical evidence. *Kist*, at *63, citing, *Kazatsky v. King David Memorial Park*, 527 A.2d 988, 995 (Pa. 1987).

To this end, "[i]n order to qualify as extreme and outrageous, the alleged conduct must 'go beyond all possible bounds of decency, and … be regarded as atrocious … and utterly intolerable in a civilized society.'" *Kist*, at *64, citing, *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988). Finally, the question of whether any of Manager Ryan's alleged actions were extreme and outrageous is a question of law which may be answered on a Motion to Dismiss. *Kist*, at *64, citing, *Johnson v. Caparelli*, 425 Pa. Super. 404, 625 A.2d 668, 671 (1993).

In the instant matter, Plaintiffs wholly fail to plead all of the necessary elements of their IIED claim as to Manager Ryan. First, the only allegation as to an action taken by Manager Ryan with respect to Plaintiffs' IIED claim is that Manager Ryan demoted them with the intention to inflict emotional distress, thus Plaintiffs have arguably satisfied only the first element of the claim.

Second, Plaintiffs fail to allege that Manager Ryan's conduct was extreme and outrageous. To this end, while Plaintiffs cite the standard for IIED, they do not in fact actually

allege that any of the Defendants, including Manager Ryan, engaged in actions which were extreme and outrageous. Even if Plaintiffs had plead that Manager Ryan's conduct was extreme and outrageous, which is denied, the conduct complained of does not rise to the level of extreme and outrageous sufficient to maintain a claim for IIED. It is simply not plausible that allegedly demoting Plaintiffs (without alleging a reduction in rank or reduction in pay) could rise to going beyond all possible bounds of decency, or that such an act was atrocious and utterly intolerable in a civilized society. *Kist*, at *64.

Finally, Plaintiffs fail to aver that any action of Manager Ryan caused them damages with respect to their IIED claims. Importantly, Plaintiffs aver that their alleged damages were the result of Captain Willoughby's actions, not Manager Ryan's actions.

Thus, as in *Kist*, Plaintiffs' Count VIII for alleged IIED fails as a matter of law and should be dismissed.

### D. Plaintiffs' Claim for Alleged Civil Conspiracy (Count IX) Fails as a Matter of Law

In order to state a claim for civil conspiracy, Plaintiffs must aver material facts which will either directly or inferentially establish the elements of conspiracy, namely: (1) two (2) or more persons combined with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose; (2) an overt act in furtherance of the common purpose has occurred; and (3) they have incurred actual legal damages. *Dichter v. City of Philadelphia*, No. 14-5611, 2015 U.S. Dist., LEXIS 43442 *36 (E.D. Pa. Apr. 1, 2015), citing, *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211 (1979). Further, the Third Circuit has stated that "it is not enough for a plaintiff to merely assert conclusory allegations concerning the existence of such a conspiracy." *Dichter*, at * 36, citing, *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (providing that "inferences [of conspiracy] cannot take the place of facts").

Rather, to survive a Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(6), Plaintiffs "must allege with sufficient particularly and specific material facts that defendants reached some understanding or agreement." *Dichter*, at \*36 (granting Motion to Dismiss civil conspiracy claims for plaintiff's failure to plead any facts sufficient to substantiate her claim). Further, "a claim for civil conspiracy cannot be pled without also alleging an underlying tort." *Acumed LLC v. Advanced Surgical Sers. Inc.*, 561 F.3d 199, 218 (3d Cir. 2009), citing, *Pelagatti v. Cohen,* 536 A.2d 1337, 1342 (Pa.Super. 1987).

In the instant matter, Plaintiffs' Count IX for alleged civil conspiracy again provides that they reported alleged acts of wrongdoing by Captain Willoughby to former Manager Pisani and Council President Willert – not to Manager Ryan. Plaintiffs broadly contend that former Manager Pisani and Council President Willert – not Manager Ryan – allegedly covered up actions taken by Captain Willoughby.

Moreover, while Plaintiffs broadly and generally aver that Manager Ryan conspired with the other individual Defendants to "perpetrate the wrongful acts alleged" and took acts to pursue their alleged conspiratorial purpose (Doc. No. 17, ¶¶ 337-338), many if not most of the allegations of the Amended Complaint took place before Manager Ryan became Township Manager. Nevertheless, Plaintiffs do not plead factual allegations of an agreement or combined act between the individually named Defendants to support their threadbare allegations of civil conspiracy.

Finally, Plaintiffs' Count IX is merely a recitation of the elements of a cause of action for civil conspiracy amounting to nothing more than mere conclusory allegations such that any inferences raised thereby "cannot take the place of facts." *Dichter*, at \*22.

Plaintiffs have simply failed to plead facts sufficient to maintain their cause of action for civil conspiracy, and the same should be dismissed.

## V.     CONCLUSION

For the reasons set forth in detail above, Defendant, Joseph A. Ryan, respectfully requests this Honorable Court dismiss Plaintiffs' Amended Complaint against Joseph A. Ryan with prejudice.

Respectfully submitted,

**MacMain, Connell & Leinhauser, LLC**

Dated: <u>April 26, 2021</u>          By:     */s/ David J. MacMain*
                                             David J. MacMain
                                             Laurie A. Fiore
                                             PA Attorney I.D. Nos. 59320 / 81373
                                             433 W. Market Street, Suite 200
                                             West Chester, PA 19382
                                             *Attorneys for Defendant, Joseph A. Ryan*

## **CERTIFICATE OF SERVICE**

I, David J. MacMain, Esquire, hereby certify that on this 26th day of April, 2021, a copy of the foregoing was served upon the following via ECF Notification:

Andres Jalon, Esquire
Jalon & Associates
Centre Square West, Suite 2727
1500 Market Street
Philadelphia, PA 19102
*Attorney for Plaintiffs*

Robert Gamburg, Esquire
Daniel J. Auerbach, Esquire
Gamburg & Benedetto, LLC
1500 John F. Kennedy Boulevard, Suite 1203
Philadelphia, PA 19102
*Attorney for Plaintiffs*

Joseph J. Santarone, Jr., Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Defendant, Robert J. Willert*

Marc S. Raspanti, Esquire
Douglas K. Rosenblum, Esquire
Joseph L. Gordon, Esquire
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
*Attorney for Defendant, Scott Willoughby*

Scott C. Gottel, Esquire
Holsten and Associates, PC
One Olive Street
Media, PA 19063
*Attorney for Defendant, Township of Ridley*

Michael J. Engle, Esquire
Ashley E. Shapiro, Esquire
Armstrong Teasdale, LLP
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
*Attorneys for Defendant, Edmond J. Pisani*

**MacMain, Connell & Leinhauser, LLC**

Dated: <u>April 26, 2021</u>   By:   */s/ David J. MacMain*
David J. MacMain
PA Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendant Joseph A. Ryan*