IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gerard Scanlan and Sean Brydges | : | 21-cv-00492-JMY |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| v. | : | |
| Ridley Township, et al. | : | |
| Defendants. | : | |

**DEFENDANT SCOTT WILLOUGHBY'S
REPLY IN FURTHER SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT RIDLEY TOWNSHIP'S
MOTION TO DISMISS**

On April 30, 2021, Defendant Scott Willoughby ("Willoughby") filed a Motion to Strike Portions of Plaintiffs' Response in Opposition to Defendant Ridley Township's Motion to Dismiss. The basis of the motion is Plaintiffs' inclusion of scandalous allegations against Willoughby in their April 27, 2021 filing (Docket Entry 27). The baseless and appalling allegations revolving around solicitation of homicide appear nowhere in Plaintiffs' Amended Complaint and were raised for the first time in Plaintiffs' Response in Opposition to Defendant Ridley Township's Motion to Dismiss. On the very same date that Willoughby filed his Motion to Strike, Plaintiffs precipitously filed their opposition to the motion. Willoughby, through undersigned counsel, files this Reply in Further Support of his Motion to Strike to correct statements by Plaintiffs through their counsel in their opposition (Docket Entry 29).

Willoughby's Motion to Strike is legally and factually sound, and this Court has the power to grant the relief Willoughby seeks. Plaintiffs alleged multiple times in their opposition that

Federal Rule of Civil Procedure 12(f) does not apply, because Plaintiff's Opposition to Defendant Ridley Township's Motion to Dismiss is not a pleading.  In other words, Plaintiffs contend that because Willoughby is not moving to strike a statement in a pleading – such as a Complaint or an Answer – Willoughby's Motion to Strike must be denied.  This contention ignores case law.  Willoughby acknowledges that Docket Entry 27 is not a type of pleading articulated in Federal Rule of Civil Procedure 7(a) – it need not be.  "Although Rule 12(f) applies by its terms only to 'pleadings,' courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure."  *See Pigford v. Veneman*, 215 F.R.D. 2, 5 n.1 (D.D.C. 2003). *citing Cobell v. Norton,* No. 96–1285, 2003 WL 721477 (D.D.C. March 3, 2003).

      Plaintiffs' efforts to unjustly disparage Willoughby are transparent.  Plaintiffs state in their opposition to the Motion to Strike that Willoughby's threat to solicit homicide is "relevant and important to [their] cause of action."  Docket Entry 29 at 3.  However, the threat to solicit homicide is completely absent from Plaintiffs' Complaint and Amended Complaint.  Logic dictates that it is not important to their cause of action if they left it out of both their Complaint and Amended Complaint.  Plaintiffs know they cannot insert this allegation in a verified pleading, because it is false.  Plaintiffs now try to minimize their violation of the Federal Rules of Civil Procedure by stating that they never claimed Willoughby actually engaged in an attempt to commit homicide – just that he made a threat.  *Id.*  However, Plaintiffs have not alleged in a verified document that the threat included any reference to homicide, and they should not be able to hide behind what they argue is a "reasonable inference."  *Id.* at 2.  There is nothing reasonable about their disgusting falsehoods.

Plaintiffs' statements on pages 8-9 and 14 of Docket Entry 27 reflect cruelly upon Willoughby's moral character. They are false and scandalous. For these reasons, and those articulated in Willoughby's Motion to Strike Portions of Plaintiffs' Response in Opposition to Defendant Ridley Township's Motion to Dismiss and brief in support thereof, Willoughby respectfully requests that his motion be granted.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

Date: May 4, 2021         By: */s/ Marc S. Raspanti*
                              Marc S. Raspanti, Esquire
                              Douglas K. Rosenblum, Esquire
                              Joseph L. Gordon, Esquire
                              1818 Market Street, Suite 3402
                              Philadelphia, PA 19103
                              *msr@pietragallo.com*
                              *dkr@pietragallo.com*
                              *jlg@pietragallo.com*
                              (215) 988-1475 (Telephone)
                              (215) 754-5173 (eFax)