IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sean Brydges and Gerard Scanlan<br><br>*Plaintiffs,*<br><br>– v. –<br><br>Ridley Township, *et al.*<br><br>*Defendants*. | Civil Action<br>No. 2:21-cv-00492 |

## PLAINTIFFS' UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Plaintiffs Sean Brydges and Gerard Scanlan respectfully request that this Court extend the scheduling order by 90 days. None of the Defendants oppose that request. We have not requested a prior extension.

Plaintiffs have terminated the services of lead counsel Andres Jalón, who was primarily responsible for this litigation. Certain actions were not taken that were necessary to litigate Plaintiffs' case for reasons that we could discuss further at a conference with this Court. Plaintiffs need substantial additional time to complete their discovery, including taking depositions. Plaintiffs also owe Defendants supplemental written discovery. Further, while Defendants began their depositions of Plaintiffs, those depositions are scheduled to resume on November 10 and November 30. Absent a discovery extension, the parties will not be able to complete discovery. Further, given the multiplicity of parties with separate counsel, scheduling depositions will require an extended period of time.

Absent the discovery extension, Plaintiffs will not be able to appropriately present their case. We apologize for the need for this extension and will do our utmost to complete discovery within the requested 90 days.

– 2 –

Under these circumstances, an extension of the Scheduling Order is appropriate under FED. R. CIV. P. 16(b)(4). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Here, in addition to the non-opposition of all parties, the necessity of the extension establishes "good cause" to modify the scheduling order. The parties have not been able to complete discovery within the initial deadline. This case deals with events spanning years, with five defendants with separate counsel and possibly dozens of potential witnesses. Absent a discovery extension, Plaintiffs will not be able to present their case. The scheduling deadlines should not deprive Plaintiffs of the opportunity to do so, especially given the issues with lead counsel that we could discuss at a conference if necessary.

Respectfully submitted,

    */s/ Daniel J. Auerbach*
Robert Gamburg, Esq. (Pa. I.D. No. 68808)
Daniel J. Auerbach, Esq. (Pa. I.D. No. 316856)
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
dan@gamburglaw.com

*Counsel for Plaintiffs*

Dated: October 25, 2021

## CERTIFICATE OF SERVICE

This document has been filed electronically and is available for viewing and downloading from the ECF system. All parties have been served through ECF; all parties are represented by counsel who have consented to electronic service.

          */s/ Daniel J. Auerbach*
Robert Gamburg, Esq. (Pa. I.D. No. 68808)
Daniel J. Auerbach, Esq. (Pa. I.D. No. 316856)
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
dan@gamburglaw.com

*Counsel for Plaintiffs*

Dated: October 25, 2021